IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MATTHEW O'WEGER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. |
| ) | |
| **DEALDASH Inc. a Delaware** ) | |
| **Corporation,** ) | |
| ) | |
| **Defendants.** ) | JURY TRIAL DEMANDED |
| _____ ) | |

## COMPLAINT

Plaintiff Matthew O'Weger brings this suit—demanding trial by jury—under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*, and for breach of contract to recover unpaid overtime compensation, liquidated damages, unpaid severance compensation, unpaid accrued vacation and his costs and attorney's fees, from Defendant DealDash Inc.

## OVERVIEW

1. Defendant DealDash Inc. ("DealDash" or "Defendant"), failed to pay Plaintiff Matthew O'Weger ("Mr. O'Weger" or "Plaintiff") federally mandated overtime in violation of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201, *et seq.*

2.   DealDash breached the terms of its contract with Mr. O'Weger under Georgia law by terminating Mr. O'Weger without paying promised severance compensation as well as accrued vacation time.

## JURISDICTION AND VENUE

3.   Jurisdiction of this Court is predicated under 28 U.S.C. §1331, and the FLSA, 29 U.S.C. §216(b).  Supplemental jurisdiction over the state-law claims is predicated under 28 U.S.C. §1367.

4.   Venue is proper pursuant to 28 U.S.C. §1391.  The cause of action arose in Fulton County, Georgia, in the Northern District of Georgia.

## PARTIES

5.   Plaintiff Matthew O'Weger ("Mr. O'Weger") is a resident of the Northern District of Georgia and a citizen of the State of Georgia.  Mr. O'Weger was employed by Defendants to work from his home located in the Northern District of Georgia from August 15, 2011 to May 27, 2014, and is entitled to the protections of the FLSA under 29 U.S.C. §203(e).

6.   Defendant DealDash Inc. ("DealDash") is a for-profit Delaware corporation based in Minneapolis, Minn.

7.   DealDash is an "employer" as defined by Section 3(d) of the FLSA and enterprises engaged in commerce within the meaning of Section 3(s)(1) of the FLSA. [29 U.S.C. §203(s)(1)].

8. DealDash violated the provisions of Sections 7 and 15(a)(2) of the FLSA [29 U.S.C. §§207 and 215(a)(2)] by employing Mr. O'Weger, an employee engaged in commerce, for work weeks longer than 40 hours without compensating Mr. O'Weger for his employment in excess of 40 hours at a rate not less than 1½ times the regular rate at which Mr. O'Weger was employed.

9. Defendant's violations of the FLSA were willful and without justification or excuse under the FLSA. Based on these willful violations, Mr. O'Weger seeks compensation for overtime incurred within three years of the filing of the complaint as well as liquidated damages pursuant to 29 U.S.C. §216(b).

10. Mr. O'Weger also seeks attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## FACTUAL ALLEGATIONS

### The FLSA Claim

11. Mr. O'Weger was employed full time by DealDash from August 15, 2011 until May 27, 2014.

12. Mr. O'Weger was hired to work in customer support for DealDash. Mr. O'Weger was initially paid €2372 (currently $3,239.68) per month, and was misclassified as an "exempt" employee although his job was principally help desk customer support. In December 2011, DealDash began paying Mr. O'Weger at a rate of $3,200 per month. In October 2012, DealDash increased Mr. O'Weger's

rate of pay to $3,300 per month and continued to pay him at that rate until he was terminated.

13. From August 2011, to November 2011, Mr. O'Weger estimates he was required to work approximately 120 hours in excess of 40 hours per work week permitted under the FLSA. He was not compensated for those hours at a rate not less than 1½ times the regular rate that he was paid. Mr. O'Weger's regular rate of pay during that period was approximately $18.69 per hour.

14. From November 2011, to November 2012, Mr. O'Weger estimates he was required to work approximately 265 hours in excess of 40 hours per work week permitted under the FLSA. He was not compensated for those hours at a rate not less than 1½ times the regular rate that he was paid. Mr. O'Weger's regular rate of pay during that period was approximately $18.46 per hour.

15. DealDash misclassified Mr. O'Weger as an "exempt" employee with the knowledge his primary duties were not qualified as exempt work since he principally performed help desk customer support.

16. DealDash's failure to pay Mr. O'Weger the overtime compensation required by the FLSA was willful.

## The Breach of Contract Claims

17. Defendants promised Mr. O'Weger and other employees that as long as he received adequate performance reviews he would receive four months of severance pay as well as all accrued vacation time if he was terminated.

18. Despite giving Mr. O'Weger above average performance reviews, DealDash terminated Mr. O'Weger without providing any severance pay or paying him for his 3½ days of accrued vacation time.

19. DealDash paid other employees the promised severance payment and accrued vacation upon termination, in some cases even where performance was not up to par.

## COUNT I: FAILURE TO COMPENSATE FOR OVERTIME HOURS IN VIOLATION OF FLSA

20. Mr. O'Weger incorporates by reference paragraphs 1-16 of this Complaint as if set forth fully here.

21. Mr. O'Weger brings this action to recover overtime compensation under 29 U.S.C. §216(b).

22. DealDash did not properly compensate Mr. O'Weger for overtime hours during the relevant period of his employment with DealDash.

23. DealDash failed to keep all records required by 29 U.S.C. §211(c) regarding the wages, hours, and other conditions of employment of Mr. O'Weger for the time period required by law.

24. DealDash failed to compensate Mr. O'Weger as required by the FLSA at a rate of $27.69 per hour for 265 hours.

25. DealDash failed to compensate Mr. O'Weger as required by the FLSA at a rate of $28.56 per hour for 120 hours.

26. Because DealDash's actions were willful, Mr. O'Weger is entitled to the recovery of twice his unpaid overtime compensation in liquidated damages pursuant to 29 U.S.C. §216(b).

27. Mr. O'Weger is also entitled to recover his attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II: BREACH OF CONTRACT IN VIOLATION OF STATE LAW

28. Mr. O'Weger re-alleges and incorporates by reference Paragraphs 1-6 and 17-19 of this Complaint as if fully set out below.

29. DealDash promised to provide Mr. O'Weger and other employees upon termination with four months of severance pay and accrued vacation so long as they received adequate performance reviews.

30. DealDash gave Mr. O'Weger above average performance reviews.

31. When DealDash terminated Mr. O'Weger it did not pay him any severance pay or compensate him for his accrued vacation time.

32. DealDash paid the severance to other employees upon their termination.

33. Mr. O'Weger is entitled to recover four months of severance pay at a rate of $3300 per month and 3½ days of accrued vacation time at a rate of $152.30 per day.

WHEREFORE, Mr. O'Weger demands a TRIAL BY JURY and for the following relief:

(a) An award to him of the overtime pay he is owed;

(b) An award to him of liquidated damages for Defendants' willful violations of the FLSA's overtime provisions;

(c) Reasonable attorney's fees and costs;

(d) Payment for unpaid severance pay and accrued vacation time; and

(e) Such other relief as this Court finds just and proper.

Respectfully submitted this 1st day of July, 2014.

Respectfully submitted,

Elizabeth Ann Morgan
Georgia Bar No. 522206
Daniel B. Millman
Georgia Bar No. 603728
THE MORGAN LAW FIRM P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303

TEL: 404-496-5430
morgan@morganlawpc.com
millman@morganlawpc.com
*Counsel for Plaintiff*